UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOUIS P. FROMER,

    Petitioner,

    v.                          CAUSE NO. 3:21-CV-259-DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Louis P. Fromer, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-10-21) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of refusing a drug test in violation of Indiana Department of Correction Offense 203. Following a hearing, he was sanctioned with the loss of 90 days credit time.

Mr. Fromer argues that he is entitled to habeas relief because the evidence supporting the charge consisted solely of a conduct report.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report alone is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represented that Mr. Fromer refused to submit to a drug test at his cell. ECF 10-1. It also includes Mr. Fromer's testimony that he did not want to leave his cell to take a drug test because he did not have clean clothes and was ill. ECF 10-5. The conduct report and Mr. Fromer's testimony constitute some evidence that he refused to submit to a drug test. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Fromer argues that he is entitled to habeas relief because correctional staff denied his request for video recording evidence. The Warden responds that Mr. Fromer did not request any evidence at screening. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Even assuming that correctional staff denied the request, Mr. Fromer does not explain what a video recording would have shown or how it would have affected the outcome of the disciplinary hearing. Because it is unclear how denying the request for video recording evidence amounts to more than harmless error, this claim is not a basis for habeas relief.

Mr. Fromer argues that he is entitled to habeas relief because the correctional officer issued the conduct report in retaliation for filing grievances and lawsuits. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. Appx. 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

In sum, Mr. Fromer has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Fromer wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). He may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Louis P. Fromer leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

February 1, 2022                              *s/ Damon R. Leichty*
                                              Judge, United States District Court